**J.R. Normand SYLVESTRE**

v.

**The UNITED STATES of America, et al.**

**Civ. No. H–90–624 (PCD).**

United States District Court,
D. Connecticut.

Dec. 12, 1990.

Thomas W. Donohue and Owen P. Eagan, Eagan & Donohue, West Hartford, Conn., for plaintiff.

L.D. McCallum, Asst. Atty. Gen., and Carl J. Schuman, Asst. U.S. Atty., Hartford, Conn., for defendants.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, a Commissioned Warrant Officer in the United States Army Reserve and the Connecticut National Guard, seeks a writ of mandamus, 28 U.S.C. § 1361, to compel the United States, the State of Connecticut, and various federal and state officials, to maintain him in his current officer status until age sixty-two. The individual defendants are now sued solely in their official capacities. Pending are cross-motions for summary judgment.

*Facts*

Plaintiff is sixty years old, with approximately forty years of United States Military service. On December 9, 1965, plaintiff was appointed a Warrant Officer in the U.S. Army Reserve and Connecticut National Guard. Complaint at ¶ 9. On February 4, 1987, the plaintiff was appointed a Commissioned Warrant officer. *Id.* at ¶ 20. Following an opinion of the Judge Advocate General ("JAG") of the Department of the Army, defendants ordered plaintiff to be transferred to the Retired Reserve on July 31, 1990 which is the last day of the month of plaintiff's sixtieth birthday. That decision was based on 10 U.S.C. § 3843(b) and 10 U.S.C. § 101. Plaintiff claims, pursuant to 10 U.S.C. § 1164, the right to remain in the active reserve up to sixty days after he turns sixty-two. Defendants disagree. This action seeks, by mandamus, to compel defendants to honor his claim and maintain him in the U.S. Army and Connecticut National Guard until age sixty-two. Plaintiff was granted a preliminary injunction to preserve his status. By agreement of counsel, the dispute is to be resolved by cross-motions for summary judgment.

*Discussion*

■ Summary judgment is appropriate only if the record "show[s] that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. "[I]n determining whether a genuine issue has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party." *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987). The moving party bears the initial burden of demonstrating that no factual issues exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting). Once that burden is met, the opposing party must set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

As this civil action arises under the laws of the United States, it is properly before this court. 28 U.S.C. § 1331.

Section 1164 states in pertinent part: unless retired or separated on or before the expiration of that period, each warrant officer shall be retired or separated from his armed force not later than 60 days after the date when he becomes *62 years of age....*

(Emphasis added). "Warrant officer" is defined in 10 U.S.C. § 101(16) as: "a person who holds a commission or warrant in a warrant officer grade."

Defendants claim that, as a commissioned reserve officer under § 3843, plaintiff must retire at age sixty. Section 3843 states in pertinent part:

each commissioned officer in a reserve grade below brigadier general ... shall [retire] on the last day of the month in which he becomes *60 years of age....*

(Emphasis added). "Commissioned officer" is defined in 10 U.S.C. § 101(15) as including a commissioned warrant officer.

On their face, both statutes appear to apply to plaintiff's position, that of a commissioned warrant officer, and thus, are "in pari materia"—that is, they pertain to the same subject. "[U]nder settled principles of statutory construction, [such statutes] should therefore be construed 'as if they were one law.'" *Erlenbaugh v. United States*, 409 U.S. 239, 243, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972), quoting *United States v. Freeman*, 44 U.S. (How) 556, 11 L.Ed. 724 (1845). *See also Lindquist v.*

*Bowen,* 813 F.2d 884, 888 (8th Cir.1987) (multiple statutes dealing with a related subject or object must be considered together); *Strobl v. New York Mercantile Exchange,* 768 F.2d 22, 30 (2d Cir.1985) ("Statutes are to be construed together to effectuate, to the greatest extent possible, the legislative policies of both.").

■ Defendants contend the language of the statutes [1] are not in conflict and can be harmonized. Defendants argue that the words "unless retired or separated on or before the expiration of that period" in § 1164 are an "exception clause" which renders § 1164 inapplicable if the warrant officer has been retired on or before age sixty-two. Thus, defendants claim that § 3843(b), which mandates retirement of commissioned officers in reserve grades below brigadier general at age sixty, takes precedence over § 1164.

While the explanatory notes to § 1164 indicate that the clause was "inserted for clarity," the notes fail to explain what clarification was intended. 10 U.S.C. § 1164 (explanatory notes) (1988). Defendants' interpretation of § 1164 is not unreasonable. However, an equally reasonable interpretation of the same language is that it was inserted to ensure that warrant officers who continued serving until age sixty-two must then retire.[2] Defendants' argument that the noted clause in § 1164 renders it inapplicable to plaintiff's situation is undermined by the entire language of § 1164 and the definition of warrant officer, which, as conceded by defendants, appears at first blush to apply to plaintiff.

■ When the statutory language is not determinative, the next step of statutory construction requires examination of the legislative history. *Willshire Westwood Ass'n v. Atlantic Richfield,* 881 F.2d 801, 803 (9th Cir.1989), citing *Blum v. Stenson,*

465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984) (when statutes are ambiguous their legislative history should be examined).

Section 1164 originated in the Warrant Officer Act of 1954. Warrant Officer Act of 1954 ("WOA"), P.L. 379, 1954 U.S.Code Cong. & Ad.News 190, (May 29, 1954). WOA provides that "each warrant officer shall be retired or separated not later than sixty days after the date on which he attains the age of sixty two." *Id.* at 197. Section 2(b) of WOA states "the term 'warrant officer', unless otherwise qualified, means an officer who holds a warrant or a commission in a permanent or temporary warrant officer grade ..." *Id.* Plaintiff argues that since the phrase "warrant officer," as used in § 1164 is not "otherwise qualified," it necessarily includes commissioned warrant officers. However, the phrase "uless otherwise qualified" was not included in the final version of the bill. Furthermore, the disputed phrase does not affect the interpretation of § 1164, which without the additional phrase can be interpreted as applying to plaintiff's situation.

Section 3843 originated in the Reserve Officer Personnel Act of 1954. Reserve Officer Personnel Act of 1954 ("ROPA"), P.L. 773, 1954 U.S.Code Cong. & Ad.News 1358 (Sept. 3, 1954). ROPA expressly provides that reserve officers below the rank of brigadier general are to retire at age sixty. *Id.* at 1376. ROPA defined a "Reserve Officer" as "a commissioned officer of one of the reserve components of the Armed Forces ... but does not include commissioned warrant officers." *Id.* at 1362. This definition was repealed by Congress in 1958. *See* Act of Sept. 2, 1958, 72 Stat. 1568–69 (repealing 68 Stat. 1147–90); *accord* 50 U.S.C. § 1181 (repealed 1958) (1982). Since "reserve officer" has not

---

1. The starting point in statutory construction is the language of the statute itself. *Willshire Westwood Ass'n v. Atlantic Richfield,* 881 F.2d 801, 803 (9th Cir.1989) (citations omitted).

2. Section 1164 does not explicitly extend one's term of active service. It could be seen to imply the right to serve until that date, but only if not "retired or separated on or before the expiration of that period." Arguably then § 1164 would

not come into play until one reached the age of sixty-two, when § 1164 would require retirement. As not applicable to plaintiff until he reaches sixty-two, there would be no conflict with § 3843 now, nor at age sixty-two, for, by operation of § 3843, plaintiff would then be retired by operation of § 3843 and as then so retired, § 1164 would not come into play.

been redefined by Congress, the definition of "commissioned officer" under § 3843, codifying ROPA, which can be interpreted as applying to plaintiff's situation, controls. The legislative history underlying § 3843 casts scant light upon what statute's retirement age should apply to plaintiff. The statutes appear to be irreconcilable.

■ When statutes "in pari materia" cannot be harmonized, specific provisions prevail over general provisions. *United States v. Garcia,* 676 F.2d 1086 (5th Cir. 1982); *Gager v. Mobil Oil Corp.,* 547 F.Supp. 854 (D.C.Conn.1982). Once "it has been determined that two statutory provisions cannot be reconciled, ... the more specific will take precedence over the more general." *Creque v. Luis,* 803 F.2d 92, 95 (3d Cir.1986). In this case, § 3843 is the more specific statute and should prevail over the more general § 1164.

Section 3843 only deals with reserve officers who have been commissioned and expressly includes, within its definition of a commissioned officer, "commissioned warrant officers." In contrast, § 1164 refers generally to warrant officers without reference to reserve warrant officers. Section 1164 would thus appear to have been intended to apply to regular warrant officers and § 3843 to reserve warrant officers.

■ Application of the "specific over general" principle is consistent with the decision of the JAG of the Department of the Army and subsequent amendment of the regulations. Courts should give deference to the interpretation given a statute by an agency charged with its administration. *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); *see also Willshire,* 881 F.2d at 808. Although the judiciary is the final authority on statutory construction, administrative statutory constructions should be upheld unless they are "contrary to clear congressional intent." *Chevron, U.S.A., Inc. v. Natural*

*Resources Defense,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).

The JAG's construction of § 3843 as mandating the retirement of reserve commissioned warrant officers at age sixty was not unreasonable. Relying on the language of § 3843(b) and its definitional section including the term "commissioned warrant officer," the JAG determined that it, rather than § 1164, applied to plaintiff.[3] In light of the language of that provision, the JAG's decision and subsequent army regulation, which are consistent with this court's statutory interpretation, are not unreasonable. *See Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782 ("The court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding.").

*Conclusion*

Accordingly, plaintiff's motion for summary judgment is denied and defendants' motion to dismiss and/or summary judgment is granted. The preliminary injunction previously entered is hereby vacated.

SO ORDERED.

---

**3.** Defendants contend the army's position was based, in part, on Congress' enactment of the Department of Defense Authorization Act, 1986, Pub.L. No. 99–145, 99 Stat. 739, (1985), which modified the procedures for the appointment and status of warrant officers. Under this new act both regular and reserve chief warrant officers, previously appointed by warrant of the secretary, are now appointed by Secretarial Commission. It is not clear, however, how this change harmonizes the conflicting statutes since they both, on their face, appear to apply to warrant officers appointed by commission.